UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20238

CANDIDA HERNANDEZ,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, CANDIDA HERNANDEZ (hereinafter "HERNANDEZ"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, (hereinafter "CARNIVAL"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. HERNANDEZ seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

4. Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by CARNIVAL.

5. HERNANDEZ is *sui juris* and is a resident and citizen of the state of Florida.

6. CARNIVAL is a citizen of the state of Florida and the nations of Panama and the United Kingdom.

7. CARNIVAL is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8. CARNIVAL, at all times material hereto, personally and/or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

    a. Operated, conducted, engaged in, or carried on a business venture; and/or

    b. Had an office or agency; and/or

    c. Engaged in substantial activity; and/or

    d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**DEFINITIONS AND FACTUAL ALLEGATIONS**

10. The "subject area," which includes the "subject threshold," is depicted in the photograph below.



11. At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area involved in HERNANDEZ'S incident.

12. HERNANDEZ'S incident occurred on or about December 31, 2022, while she was a fare paying passenger on CARNIVAL'S vessel, the *Spirit*.

13. At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject cruise ship, the *Spirit*.

14. On or about December 31, 2022, at approximately 1:00 p.m., as HERNANDEZ made her way into the subject bathroom and traversed the subject threshold depicted in the above photograph, she tripped and fell. Unbeknownst to HERNANDEZ, the subject threshold was unusually and deceptively high (hereinafter referred to as the "dangerous condition").

15. On the door of the subject threshold, there was a sign that said, "watch your step, high threshold," but HERNANDEZ was unable to see this sign because her daughter was in front of her as they made their way into the subject bathroom.

16. As a result, HERNANDEZ tripped and fell over the subject threshold, and sustained severe injuries that include, but are not limited to, fractures to five ribs, a fractured humerus, a dislocated shoulder, a possible concussion, a possible traumatic brain injury, and other possible injuries.

17. CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

   a. There was a sign in the subject area depicted in the photograph above that said, "**watch your step, high threshold.**" This sign is evidence that CARNIVAL was or should have been aware of the danger of the subject threshold, including specifically that this threshold was unreasonably high.

b. CARNIVAL participated in the installation and/or design of the subject area, or alternatively, CARNIVAL accepted the area with its design defects present after having been given an opportunity to inspect the ship and materials on it, including the subject thresholds, such that CARNIVAL should have known of the design defects of the subject thresholds and area before providing them for public use. These design defects include, but are not limited to, the dangers outlined in **paragraph 14** of this complaint.

c. Both prior to and after the subject incident, CARNIVAL installed and/or refitted similar thresholds on other ships in CARNIVAL'S fleet to make them less dangerous.

d. There are relevant safety standards/recommendations/other guidelines regarding the safety of the subject area, including, but not limited to, prohibitions and/or recommendations against the deficiencies discussed in **paragraph 14** of this Complaint, and CARNIVAL should have known of these standards/recommendations/other guidelines because whether such standards/recommendations/other guidelines are legally required for CARNIVAL to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable cruise line should have done.

e. CARNIVAL also knew or should have known of these dangerous conditions through inspecting the subject area involved in HERNANDEZ'S incident, and if it did not know of these dangerous conditions, this was because CARNIVAL failed to adequately inspect the subject area prior to HERNANDEZ's incident.

f. Previous passengers suffered prior slip and fall incidents while descending the same

or similar thresholds on ships in CARNIVAL'S fleet (Carnival Cruise Line, Princess Cruises, Holland America Line, Seabourn, P&O Cruises, Costa Cruises, AIDA Cruises, and Cunard), including, but not limited to, the Plaintiff in *Torres v. Carnival Corp.*, No. 12-CV-23370-JLK, 2014 WL 3548456, at *1 (S.D. Fla. July 17, 2014) ("[she] tripped and fell over a raised threshold"); *Roberts v. Carnival Corp.*, No. 1:19-CV-25281-KMM, 2021 WL 7542948, at *1 (S.D. Fla. July 6, 2021), objections overruled, No. 1:19-CV-25281-KMM, 2022 WL 2340995 (S.D. Fla. Jan. 11, 2022) ("she claims that she was injured as a result of a trip-and-fall over a metal threshold on the deck of the ship"); *Harnesk v. Carnival Cruise Lines, Inc.*, No. 87-2328-CIV-DAVIS, 1991 WL 329584, at *1 (S.D. Fla. Dec. 27, 1991) ("Plaintiff approached the bathroom, opened the door, and tripped over a coaming or threshold built across the entrance to the Restroom."); *Patton v. Carnival Corp.*, No. 22-21158-CIV, 2022 WL 7536256, at *1 (S.D. Fla. Oct. 13, 2022) ("Patton tripped over a "metal threshold" that was not flush with the floor."); *Bunch v. Carnival Corp.*, 825 F. App'x 713, 714 (11th Cir. 2020) ("Paulette Bunch tripped over and fell on a raised threshold while exiting an aerobics room on the Glory"); *Dupuis v. Carnival Corp.*, No. 20-23378-CIV, 2022 WL 4594120, at *1 (S.D. Fla. July 22, 2022) ("Dupuis allegedly tripped over a "metal threshold" while onboard the ship."); *Hicks v. Carnival Corp.*, No. 19-20686-CIV, 2020 WL 4501828, at *1 (S.D. Fla. June 23, 2020) ("her foot tripped on a raised fire screen door threshold ... [that] was raised off the deck, was unmarked and was a tripping hazard for passengers and crew."); *Hall v. Carnival Corp.*, 536 F. Supp. 3d 1306, 1308 (S.D. Fla. 2021) ("On the first day of her cruise, Plaintiff fell when she tripped over an unreasonably and unexpectedly high threshold installed at the entrance

   to the shower in her stateroom.");

 g. Moreover, Defendant knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

18. At all times relevant, the subject area was unreasonably dangerous, risk-creating, defective, improperly designed, improperly installed, and/or otherwise unsafe.

19. The subject area and the vicinity lacked adequate safety features to prevent or minimize HERNANDEZ'S incident and/or injuries.

20. These hazardous conditions were known, or should have been known, to CARNIVAL in the exercise of reasonable care.

21. These hazardous conditions existed for a period of time before the incident.

22. At all times relevant, CARNIVAL failed to adequately inspect the subject area and the vicinity for dangers, and CARNIVAL failed to adequately warn HERNANDEZ of the dangers.

23. At all times relevant, CARNIVAL failed to maintain the subject area and the vicinity in a reasonably safe condition. For example, CARNIVAL failed to perform regular upkeep on the subject threshold, including, but not limited to, tightening the screws/other securing materials of the threshold such that it became loose and therefore unreasonably higher than it should have been. This failure to maintain is only an example, and CARNIVAL failed to maintain the subject area and the vicinity in other ways as well.

24. At all times relevant, CARNIVAL had the ability to cure the deficiencies and to eliminate the hazards, including, but not limited to, the ability to replace the subject threshold with a safter threshold, but failed to do so.

25. These conditions were neither open nor obvious to HERNANDEZ.

26. At all times relevant, CARNIVAL participated in the design and/or approved the design of the subject area and the vicinity involved in HERNANDEZ'S incident.

27. At all times relevant, CARNIVAL participated in the installation and/or approved the installation of the subject area and the vicinity involved in HERNANDEZ'S incident.

28. The crewmembers of the *Spirit* were in regular full-time employment of CARNIVAL and/or the ship, as salaried crewmembers.

29. CARNIVAL's crewmembers, employees, and/or agents were subject to the ship's discipline and master's orders, and CARNIVAL had the right to hire and fire its crewmembers, employees, and/or agents.

30. CARNIVAL is directly responsible and liable for their actions and the actions of its crewmembers, employees, and/or agents.

31. The crewmembers, including the medical staff, were employees and/or actual agents and/or apparent agents of CARNIVAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

32. The crewmembers were represented to HERNANDEZ and the ship's passengers as employees of CARNIVAL through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or hourly wage by CARNIVAL. CARNIVAL knew that the crewmembers represented themselves to be employees of CARNIVAL and allowed them to represent themselves as such. HERNANDEZ detrimentally relied on these representations as HERNANDEZ would not have proceeded on the subject cruise had HERNANDEZ believed the crewmembers were not employees of CARNIVAL.

## COUNT I
## NEGLIGENT FAILURE TO INSPECT

33. HERNANDEZ hereby adopts and re-alleges each and every allegation in paragraphs 1-

22 and 28-32, as if set forth herein.

34. CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

35. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe for the use and enjoyment of its passengers.

36. At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL breached the duty of reasonable care owed to HERNANDEZ and were negligent by failing to adequately inspect the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe, such that the unreasonably risk creating and/or dangerous conditions discussed **paragraph 14** of the instant Complaint were present at the time of HERNANDEZ'S incident.

37. CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 17 of the instant Complaint.

38. These risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately inspect the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe.

39. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

40. CARNIVAL'S negligence proximately caused HERNANDEZ great bodily harm in that, but for CARNIVAL'S negligence, HERNANDEZ'S injuries would not have occurred.

41. As a result of CARNIVAL'S negligence, HERNANDEZ has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of HERNANDEZ'S vacation, cruise, and transportation costs.

42. The losses are permanent and/or continuing in nature.

43. HERNANDEZ suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CANDIDA HERNANDEZ, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that HERNANDEZ will suffer and incur in the future, as a result of HERNANDEZ's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of HERNANDEZ'S vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN

44. HERNANDEZ hereby adopts and re-alleges each and every allegation in paragraphs 1-21, 23, and 28-32, as if set forth herein.

45. CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

46. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the subject area and the vicinity.

47. At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to HERNANDEZ and were negligent by failing to adequately maintain the subject area and the vicinity, such that the unreasonably risk creating and/or dangerous conditions discussed **paragraph 14** of the instant Complaint were present at the time of HERNANDEZ'S incident.

48. CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 17 of the instant complaint.

49. Moreover, these risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately maintain the subject area and the vicinity.

50. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

51. CARNIVAL'S negligence proximately caused HERNANDEZ great bodily harm in that, but for CARNIVAL'S negligence, HERNANDEZ's injuries would not have occurred.

52. As a result of CARNIVAL'S negligence, HERNANDEZ has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of HERNANDEZ'S vacation, cruise, and

transportation costs.

53. The losses are permanent and/or continuing in nature.

54. HERNANDEZ has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, CANDIDA HERNANDEZ, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that HERNANDEZ will suffer and incur in the future, as a result of HERNANDEZ's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of HERNANDEZ'S vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO REMEDY

55. HERNANDEZ hereby adopts and re-alleges each and every allegation in paragraphs 1-21, 24, and 28-32, as if set forth herein.

56. CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

57. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately remedying the subject area and the vicinity.

58. At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to HERNANDEZ and were negligent by failing to adequately remedy the subject area and the vicinity, such that the

unreasonably risk creating and/or dangerous conditions discussed in **paragraph 14** of the instant Complaint were present at the time of HERNANDEZ'S incident.

59. CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 17 of the instant Complaint.

60. Moreover, these risk-creating and/or dangerous conditions were caused CARNIVAL'S failure to adequately remedy the subject area.

61. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

62. CARNIVAL'S negligence proximately caused HERNANDEZ great bodily harm in that, but for CARNIVAL'S negligence, HERNANDEZ's injuries would not have occurred.

63. As a result of CARNIVAL'S negligence, HERNANDEZ has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of HERNANDEZ'S vacation, cruise, and transportation costs.

64. The losses are permanent and/or continuing in nature.

65. HERNANDEZ has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, CANDIDA HERNANDEZ, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for

damages and costs that HERNANDEZ will suffer and incur in the future, as a result of HERNANDEZ's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of HERNANDEZ'S vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT IV
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION

66. HERNANDEZ hereby adopts and re-alleges each and every allegation in paragraphs 1-21, 25, and 28-32, as if set forth herein.

67. At all times relevant, CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including HERNANDEZ.

68. Such duty includes, but is not limited to, the duty that CARNIVAL owes to warn passengers of any dangers that it knew or should have known were not open and obvious to HERNANDEZ.

69. Such duty also includes, but is not limited to, the duty to warn passengers of hazards, which passengers may reasonably be expected to encounter.

70. At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to HERNANDEZ and was negligent by failing to warn HERNANDEZ of the dangerous conditions discussed in **paragraph 14** of the instant Complaint.

71. Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 17 of this Complaint.

72. These dangerous conditions were also created by CARNIVAL.

73. CARNIVAL failed to adequately ensure there were no dangerous conditions that passengers needed to be warned of, and/or CARNIVAL failed to provide reasonable warning of the dangerous condition to HERNANDEZ despite knowing of the dangers. The warning on the subject the door was not reasonable for reasons that include, but are not limited to, the fact that it was too easily obscured by passengers such as HERNANDEZ's daughter, and the fact that it was too easily obscured when the subject bathroom door was opened.

74. These dangerous conditions existed for a period of time before the incident.

75. These conditions were neither open nor obvious to HERNANDEZ.

76. CARNIVAL'S breach was the cause in-fact of HERNANDEZ'S great bodily harm in that, but for CARNIVAL'S breach HERNANDEZ's injuries would not have occurred.

77. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

78. CARNIVAL'S breach proximately caused HERNANDEZ great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

79. As a result of CARNIVAL'S negligence, HERNANDEZ has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of HERNANDEZ'S vacation, cruise, and transportation costs.

80. The losses are permanent and/or continuing in nature.

81. HERNANDEZ has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CANDIDA HERNANDEZ, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that HERNANDEZ will suffer and incur in the future, as a result of HERNANDEZ's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of HERNANDEZ'S vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT AREA AND THE VICINITY

82. HERNANDEZ hereby adopts and re-alleges each and every allegation in paragraphs 1-21 and 26-32, as if set forth herein.

83. At all times material hereto, CARNIVAL owed a duty to its passengers, and in particular a duty to HERNANDEZ, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in **paragraph 14** in the instant Complaint, as well as to design and install reasonable safeguards.

84. At all times material hereto, CARNIVAL participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and to put the vessel on which HERNANDEZ was injured into the channels of trade, and/or CARNIVAL approved of the subject vessel's design, including the design of the subject area and the vicinity.

85. At all times material hereto, CARNIVAL manufactured, designed, installed, and/or

approved of the *Spirit*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular a duty to HERNANDEZ, to design, install and/or approve of the subject area and the vicinity without any defects.

86. At all times material hereto, CARNIVAL through its agents and/or employees who were acting in the course and scope of their employment and/or agency with CARNIVAL, designed, installed, and/or approved of the subject area and the vicinity involved in HERNANDEZ'S incident, which was also in violation of the applicable industry standards/recommendations and/or other guidelines.

87. CARNIVAL provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject area and the vicinity.

88. CARNIVAL maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the *Spirit*, during the new build process.

89. CARNIVAL has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

90. CARNIVAL has the right to inspect and reject design elements before taking possession of the ship.

91. However, CARNIVAL permitted the dangerous conditions discussed in **paragraph 14** of the instant complaint to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

92. Furthermore, CARNIVAL knew or should have known of these dangerous conditions

for the reasons discussed in paragraph 17 of this Complaint.

93. The design flaws that made the subject area and the vicinity involved in HERNANDEZ'S incident unreasonably dangerous were the direct and proximate cause of HERNANDEZ'S injuries.

94. CARNIVAL is liable for the design flaws of the vessel, including of the subject area and the vicinity involved in HERNANDEZ'S incident, which it knew or should have known of.

95. CARNIVAL failed to correct and/or remedy the defective conditions, despite the fact that CARNIVAL knew or should have known of the danger(s).

96. CARNIVAL'S breach was the cause in-fact of HERNANDEZ'S great bodily harm in that, but for CARNIVAL'S breach HERNANDEZ's injuries would not have occurred.

97. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

98. CARNIVAL'S breach proximately caused HERNANDEZ great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

99. As a result of CARNIVAL'S negligence, HERNANDEZ has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of HERNANDEZ'S vacation, cruise, and transportation costs.

100. The losses are permanent and/or continuing in nature.

101. HERNANDEZ has suffered these losses in the past and will continue to suffer such

loses in the future.

**WHEREFORE**, Plaintiff, CANDIDA HERNANDEZ, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that HERNANDEZ will suffer and incur in the future, as a result of HERNANDEZ's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of HERNANDEZ'S vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, CANDIDA HERNANDEZ, demands trial by jury on all issues so triable.

**Dated:** January 20, 2023.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198
***Attorneys for HERNANDEZ***