UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20238-RAR

**CANDIDA HERNANDEZ**,

    Plaintiff,

v.

**CARNIVAL CORPORATION,**

    Defendant.
_____/

## ORDER AFFIRMING DISCOVERY ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Objection to the August 11, 2023 Discovery Order ("Objection"), [ECF No. 30], filed on August 18, 2023.  The Objection seeks review of a Discovery Order, [ECF No. 29], entered by Magistrate Judge Jacqueline Becerra on August 11, 2023.  Defendant filed a Response in Opposition ("Response"), [ECF No. 33], on September 1, 2023.  The Court having reviewed the Objection, Response, and Discovery Hearing Transcripts, [ECF Nos. 31, 32], and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff's Objection, [ECF No. 30], is **DENIED** and the Discovery Order, [ECF No. 29], is **AFFIRMED** as set forth herein.

## BACKGROUND

This case involves a personal injury that occurred onboard Defendant's cruise ship. Plaintiff alleges she entered a bathroom on the ship and tripped and fell on the bathroom threshold. Obj. at 1.  Plaintiff issued a discovery request which demanded Defendant list all incidents involving the subject threshold on "any ship in Defendant's fleet."  *Id.*  Defendant has refused to

comply with this demand arguing the scope of the demand—the entire fleet of 27 ships—is too burdensome and not proportional to the needs of this case. Resp. at 1–2.

Magistrate Judge Becerra held two hearings addressing this question, among other discovery disputes. First, on July 5, 2023, the court heard argument on whether the scope of discovery should include the entire fleet. July 5, 2023 Hearing Transcript ("First H. Tr.") [ECF No. 31] at 5:7–12:3. At the hearing, the court ruled it would allow discovery as to other ships within the same class but not the entire fleet. *Id.* at 14:4–15:20. The court then entered a Paperless Order Memorializing Discovery Hearing denying Plaintiff's Motion to Compel, limiting discovery as it related to the entire fleet. *See* [ECF No. 26].

Plaintiff then requested a second discovery hearing on Plaintiff's Motion to Compel Better Answers to her Interrogatories. [ECF No. 27]. When the court held the second discovery hearing on August 4, 2023, Plaintiff explained she was seeking reconsideration of the court's prior ruling limiting discovery to the ship's class rather than Defendant's entire fleet. August 4, 2023 Hearing Transcript ("Second H. Tr.") [ECF No. 32] at 3:13–14. Initially, Plaintiff sought reconsideration based on a recent order issued by another judge in an unrelated case, which the court swiftly rejected. *Id.* at 2:20–4:13. Plaintiff informed the court that since the last hearing, Defendant agreed to produce information about three prior threshold incidents on ships in the same class, but Plaintiff still sought fleet-wide discovery. *Id.* at 4:16–22. The court asked Plaintiff to provide any facts of this case that lent themselves to fleet-wide discovery, and after some back and forth, Plaintiff failed to do so. *Id.* at 6:13–10:6. The court subsequently denied the Motion to Compel on the record and memorialized it in paperless order. *Id.* at 11:2; Paperless Order [ECF No. 29]. This Objection followed.

## **LEGAL STANDARD**

The Objection was filed pursuant to Local Magistrate Rule 4(a)(1), Federal Rule of Civil Procedure 72(a), and 28 U.S.C. section 636(b)(1)(A).  When timely objections are made to a Magistrate Judge's order on a non-dispositive matter, "[t]he district judge … shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* Local Magistrate Judge Rule 4(a)(1) (reciting same standard); 28 U.S.C. § 636(b)(1)(A) (same).  Under that standard, an order is "contrary to law" when the Magistrate Judge's legal conclusions "fail[] to apply or misappl[y] relevant statutes, case law, or rules of procedure."  *Rodriguez v. Pan Am. Health Org.*, No. 18-24995, 2020 WL 1666757, at *2 (S.D. Fla. Apr. 3, 2020) (citation omitted).

Factual findings are reviewed under the "clearly erroneous" standard.  *Id.*  "Factual findings are clearly erroneous when, although there is evidence to support them, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860, 2007 WL 5971414, at *1 (S.D. Fla. May 17, 2007) (internal quotations, citations, and alterations omitted).  "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue."  *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007).

## **ANALYSIS**

Reviewing the record under the deferential standard set forth above, the Court finds that Magistrate Judge Becerra's denial of Plaintiff's motion to compel was not contrary to law or based on clearly erroneous factual findings.  Magistrate Judge Becerra did not incorrectly shift the burden to Plaintiff to establish relevance or ignore precedent, as Plaintiff contends.

Plaintiff argues the court shifted the burden of establishing relevance onto Plaintiff. It is well established that documents are discoverable when they are relevant and proportional to the needs of a given case. FED. R. CIV. P. 26. Here, the court's ruling turned on proportionality, not relevance. Second H. Tr. at 7:8–20 ("[W]hat you're asking Carnival to do is to scour the design of all of its ships to see whether or not there's a similar threshold in another ship. Why would that be proportional to the needs of the case?"). And the court expressly stated, "even if it is Carnival's burden, I am weighing in favor of them. So, I will just assume that it is their burden. I think they have met it." First H. Tr. at 14:10–12. Asking Plaintiff to identify any facts that would justify expanding the scope of discovery is not tantamount to shifting the burden to establish relevance; it seeks a response to Defendant's proportionality argument. Thus, the court did not misapply the correct standard or law, as Plaintiff argues.

Likewise, the court did not ignore legal precedent. At the second hearing, Plaintiff urged the court to reconsider its prior ruling based on an order entered in an unrelated case, by another judge which allowed fleet-wide discovery. Second H. Tr. at 2:20–3:14. The court explained, "[f]leet wide discovery is rare because of the typical burden and proportionality argument that comes along with it." *Id.* at 8:13–14. Indeed, in cruise line cases, discovery of prior incidents is usually limited to the same class of ship. *See, e.g.*, *Jaber v. NCL (Bah.) Ltd.*, No. 14-20158, 2014 WL 12629670, at *5 (S.D. Fla. Oct. 24, 2014) (finding fleet-wide prior incidents "wholly unnecessary in this [negligence] case," and "unreasonable and disproportionate" where plaintiff failed to show why the facts of the case warranted fleet-wide discovery). The court provided Plaintiff ample opportunity to argue facts that warranted fleet-wide discovery in this case, which Plaintiff failed to provide. *Id.* at 5:7–8:14, 9:19–10:25. Accordingly, Plaintiff has not shown that the court ignored precedent in issuing the Discovery Order.

In sum, the Court finds that Magistrate Judge Becerra's denial of Plaintiff's motion to compel was not contrary to law or based on clearly erroneous factual findings. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Objection, [ECF No. 30], is **DENIED** and the Discovery Order, [ECF No. 29], is **AFFIRMED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**